# Prescott *v.* Jordan.

## *Action of Trover.*

1.   *Charges; when abstract.*—Charges asserting propositions of law not
arising out of the testimony, are abstract and properly refused.

2.   *When purchaser of mortgaged property guilty of conversion.*—Where·
before the law-day of the mortgage, the mortgagor sells all his interest in
personal property embraced by the mortgage, to one who has notice of it,
and promised to satisfy it, but failed to do so, but sold the property to
another, the purchaser is guilty of a conversion.   (Per BRICKELL, C. J.; the
court expressing no opinion.)

3.   *The measure of damages in trover,* as a general rule, is the value of·
the property at the time of the conversion, with interest; though if its value
be fluctuating the jury may take its highest value at any time between the
conversion and the trial.

4.   *Charge; what not erroneous.*—A charge that the measure of damages·
is the value at the time of the conversion is not erroneous when there is no
evidence of value at any other time.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. J. E. COBB.

This was an action of trover, brought by appellee against
appellant, for the recovery of a horse alleged to be the prop-
erty of appellant, and converted by appellee.   On the trial
the plaintiff read in evidence, without objection, a mortgage—·
executed by one William Ward, in consideration of his being
justly indebted to Jordan (appellee)—on a horse, the property
of said Ward.   The plaintiff, Jordan, then proved by said
Ward that he sold said horse to Prescott, the defendant,.
telling him, at the time, of said mortgage to Jordan, and
that said Prescott replied it was all right, he would satisfy

the mortgage. Plaintiff also proved that after the law-day of said mortgage, he demanded from defendant, through an authorized agent, the possession of said horse, when defendant replied to such agent, that he had sold the horse to his father, and did not know where the horse then was. The only evidence as to the value of the horse, went to show that he was worth from sixty to one hundred and twenty-five dollars at the time of the conversion. The defendant asked several charges which the court refused; and, at the request of plaintiff, the court charged the jury to find for plaintiff if they believed the evidence. Such ruling of the court is now assigned as error.

W. D. ROBERTS, for appellant.

B. M. STEVENS, contra.

No briefs came to Reporter.

BRICKELL, C. J.—This case has been submitted, without argument or brief in support of the assignment of errors. We have nevertheless carefully examined the several rulings of the Circuit Court, to which exceptions were taken, and which are the subject of the assignment of errors, without discovering any error prejudicial to the appellant. The several charges requested, were properly refused, because there is an entire want of evidence on which to base them. The evidence was of a sale of the horse by the appellant; not merely of his right or interest, but of the entire property. In my judgment, if there had been evidence that the sale was of the appellant's right only and not of the entire property, he would not be relieved from liability. He acquired possession of the horse, with actual notice of the mortgage to the appellee, and upon a promise that he would satisfy it. His duty was satisfaction of the mortgage, or the preservation of the horse, and delivery to the appellee, when the law-day of the mortgage arrived, and the right of the appellee to possession accrued. Any sale, or parting with possession of the horse, incapacitating him to perform this duty, was an *illegal use* of his right of possession, and of property, and an invasion of the rights of the appellee, rendering him liable for a conversion. On this proposition, my brothers express no opinion.

The facts were clear and undisputed (except as to the value of the horse), justifying the general charge given at

[Mattox v. Feagan.]

the request of the appellee. The measure of damages in trover, as a general rule, is the value of the property at the time of the conversion, with interest thereon. If the value is fluctuating, the jury may take its highest value, at any time between the conversion and the trial.—*Jenkins v. Mc Conico*, 26 Ala. 213. The evidence seems to have been confined to the value of the horse at the time of the conversion, and the charge of the court that this value, with interest, was the measure of recovery, was not erroneous.

Let the judgment be affirmed.